IN RE: CORDTZ, RICHARD L.

CHAPTER 13 PLAN

1. The future earnings and income of the Debtor(s) from any source are submitted to the supervision and control of the trustee for *the required commitment period / or the length of the plan* from the date the first plan payment is due . The applicable commitment period is: __36 MONTHS____ pursuant to §1325(b)(3).
   If this plan provides for a dividend of less than 100% to all filed and allowed general unsecured creditors, the Debtor(s) agree to pay into the plan all future disposable income as defined under 11 U.S.C.§1325(b)(2) for *the required commitment period / or the length of the plan* - from the date the first plan payment was due, which considers, but is not limited to: all tax refunds, property tax credits, lottery winnings, bonuses, severance pay, etcetera, received during that period .
   The Trustee shall have the discretion to adjust the percentage or base amount to unsecured creditors as a result of additional payments made under this provision.
   The Debtor(s) shall not borrow or incur post-petition debts in excess of $1,000.00 and may not dispose of any non-exempt asset without first giving notice to object to all interested parties.
   Further, the Debtor(s) will pay such additional sums as will be necessary to complete the plan within the 60 months the law allows as a balloon payment, if necessary.

__X__ The Debtors/Employer shall pay to the trustee  **$ 609.00  each MONTHLY**  pay period .
__X__The Debtors will provide a copy of all timely filed tax returns to the trustee and attorney
   Janet S. Thomas/West Michigan Bankruptcy Clinic PC during the plan - AND
   further will provide sufficient documentation upon request for the purpose of completing a timely annual budget and expense review.

__X___ The Debtors entire tax refund shall be paid into the plan - to be distributed by the trustee for
   *the required commitment period / or the length of the plan*

2.__X___ From payments the trustee shall make disbursements as follows after confirmation of plan:
   After payment of filing fees and noticing expenses,  Attorney fees and expenses in full - the debtor(s)
   minimum attorney fee of : **$2,600.00**, unless there are secured claims for which designated for monthly
   payments have been provided for by this plan.  In the event there are secured claims for which
   designated monthly payments have been provided for by this plan, then the debtor(s)
   counsel's attorney shall be paid $1,000.00 upon Confirmation of the Plan and then $200.00
   for every month thereafter..   In the event that there are more available funds Debtor's Counsel may
   receive more than the monthly payment provided herein up to the amount of the allowed fees and
   expenses, less the Chapter 13  Trustee's fees, and any domestic support obligations entitled to priority
   under 11 USC Section 507 (a)(1).  This distribution of additional available funds may include  the
   debtor(s) payment of additional disposable income - upon notice to the Trustee by the Debtor's
   Counsel.
   Additional approved attorney fees (if any) during the plan are to be paid as an
   administrative claim after secured or priority creditors, but before other creditors.

IN RE: CORDTZ, RICHARD L.                                                    (continued)

2) (a) Continued
    3) The Trustee shall be paid the percentage set forth from time to time by the U.S. Department of Justice Executive Office of the U.S. Trustee.  Such fee shall be taken on all plan receipts at the time funds are distributed by the Trustee to any party other than the Debtor.

__X__ b) Full payment in deferred cash payment to all claims entitled to priority under 11 U.S.C. Section 507.
__X__ c) Pursuant to provisions of 11 U.S.C.§1325 (a)(5)
    With respect to each allowed Secured Claim provided by the Plan -
    (A) the holder of such claim has accepted the plan;
    (B)(i) the plan provides that -
      I) the holder of such claim shall retain the lien securing the claim *until the earlier of the*  -
        (a) the payment of the underlying debt determined under non-bankruptcy law; or
        (b) discharge under section 1328; and
          (II) if the case under this chapter is dismissed or converted without completion of the Plan, such lien Shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law;
        (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and
        (iii) if - I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal amounts; and
          (II) the holder of the claim is secured by personal property, the payments shall not be less than an amount to provide the holder of the claim adequate protection during the  period of the plan:

SECURED CREDITORS TO BE PAID THROUGH THE PLAN ARE NOTED BELOW:
    ***BEFORE PRIORITY AND UNSECURED CREDITORS***  as follows: ***NONE***


MONTHLY PAYMENT & OTHER PROVISIONS REGARDING SECURED CREDITORS TO BE PAID THROUGH THE PLAN: ***NONE***

__X___Payments to these creditors (IF ANY)  are to be paid through the plan..
    Increases or decreases in the payment are to be adjusted by the Trustee upon notice from the lender
    /vendor without further formal amendment.

MONTHLY PAYMENT PROVISIONS REGARDING SECURED CREDITORS TO BE PAID OUTSIDE THE PLAN: ***NONE***

__X__ d) PRIORITY CREDITORS (IF ANY) are to be paid One Hundred Percent
    (100%) of  Allow Claims with Statutory Interest (if applicable) ***AFTER SECURED CREDITORS.***
    ***UNLESS***, the Court requires the claim to be treated as Secured i.e. Real Property Taxes, Water/Sewer utilities/assessments etcetera.....that may create liens on property of the estate.

IN RE: CORDTZ, RICHARD L.                                    Continued

    2.e) UNSECURED CREDITORS (IF ANY) are to be paid **AFTER SECURED AND PRIORITY CREDITORS** as follows:

_____  1) One Hundred Percent of Allowed Claims (the right to review/object to the debtor(s) budget is reserved to trustee if the plan is ever amended to be less than a 100% plan).   OR

\_\_X\_\_\_\_  2) A pro-rata share of a fixed amount/base in the amount of **$ 19,500.00** TO CREDITORS - *NOT INCLUDING ATTORNEY OR OTHER ADMINISTRATIVE FEES -*
**The Trustee may increase this base amount without further amendment if additional disposable income including tax refunds becomes available** *during the required commitment period / or the length of the plan WHICH EVER PAYS MORE.* **This may result in the Trustee adjusting the base up or down to meet plan length requirements.**

*Subsequently allowed unsecured late filed claims, or unsecured allowed deficiency claims will be paid a the same percentage dividend as previously paid claims - even if this will result in an increase of the previously stated base.*

*The trustee will not be required to recover fund from unsecured creditors that are "overpaid" as a result of additional attorney fees, allowed unsecured late or deficiency claims.*

*Further, additional approved attorney fees are to be paid as an administrative claim and not part of the unsecured base.*

    2. f) EXECUTORY CONTRACTS
_____  The following executory contracts of the debtor are hereby rejected: NONE

3. _____  PLAN REJECTS/SURRENDERS -  the following collateral to the noted creditors:
    a)

    Upon Confirmation of the Plan - the Stay will be lifted as to this/these creditor(s) and the residual \ deficiency (if any) will be treated as a general unsecured claim.  Creditor(s) must file deficiency claim if any, on a timely basis by the published claims bar date.
 -THERE IS NO EXTENSION OF THE CLAIMS BAR DATE FOR THESE CREDITORS..
    If the claim is related to real property - the lender may file a claim for the deficiency (*if any*) within 120 days of the completion of the statutory redemption period.
    Further, if the rejected collateral is real property -  any and all taxes, assessments, claims or encumbrances of any kind related to said property are also  rejected .

4. \_\_\_\_\_  DEBTOR(S) WILL AMEND THE BASE TO UNSECURED CREDITORS AS NEEDED.  THE DEBTOR (S) WILL PAY ANY NON-EXEMPT PORTION INTO THE PLAN UPON RESOLUTION OF CONTINGENT MATTERS (See Schedules A or B)

IN RE: CORDTZ, RICHARD L.                                                      Continued

5) \_\_\_\_  Other: _____  _____

6). OTHER PLAN PROVISIONS NOT SEPARATELY SET FORTH ABOVE:
   The Debtor reserves the right to file a protective proof of claim at any time during
the Debtor's Chapter 13 Plan, EXCEPT claims reserved pursuant to 11 U.S.C. §1305(a). -
including but not limited claims by the IRS -
    If a Creditor is not listed on the schedules or mailing matrix, and proof of claim is filed
before the case is closed, the trustee is authorized to classify the claim, and pay on the claim on reasonable
notice to interested parties, unless the claim is disallowed after notice and hearing.
     Upon Confirmation -  all property of the estate shall vest in the Debtor, and
Future earnings of the Debtor and other property specifically devoted to the Plan will remain property of
The estate during the plan.
       The Debtor(s) acknowledges that both pre and post confirmation the Trustee has certain avoidance
powers pursuant to  § 544, § 545, § 547, § 548, § 549 and § 550.  The Debtor(s) acknowledges that any
action(s) brought by the Trustee, either pre or post confirmation, pursuant to these avoidance powers is
preserved for the benefit of the Estate pursuant to §551.  The Trustee may bring any avoidance action
within the period of time set forth in §546.


/S/_____      Dated: July 14, 2009
Debtor:   Richard A.Cordtz


/S/_____      Dated:
Debtor: